IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PSC INFO GROUP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LASON, INC., et al. | : | NO. 08-2176 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                             May 19, 2009

On April 22, 2009, the Honorable William H. Yohn referred this breach of contract/tortious interference case to me to resolve the outstanding discovery disputes enumerated by counsel in a letter to the court dated April 29, 2009. After holding a conference with counsel, the parties have resolved many of the issues discussed in the April 29th letter.

Specifically, with respect to Plaintiff's disputes numbered 3, 4, 5, and 10, the dispute has been resolved or the request withdrawn. Similarly, with respect to Defendants' Request for supplemental response to Document Production Request 21, and the Second Document Production Requests 1 through and including 7, and 9, the parties have resolved their disputes. I will address each of the remaining discovery disputes.

Plaintiff's Disputes 1 and 2

Plaintiff seeks the volume of letters sent out by Imperial, Lason, HOV, and Superior for Bay Area Credit ("BAC") over the alleged contract period of May 31, 2006, through May 31, 2008 ("the contract period"). The Defendants have already provided this information for Lason and have represented to the court that HOV did not send any

letters. The Defendants object to providing the information for Imperial and Superior, arguing that these entities were not parties to the contract. Considering the relationship of these entities (BAC, Lason, Superior and Imperial are all owned by HOV) and the breadth of discoverable information, see Fed. R. Civ. P. 26(b)(1), the Defendants shall produce the volume of letters sent out by Superior and Imperial during the contract period.

Plaintiff also seeks the test files and letter samples sent to PSC and to other processing/mailing entities, specifically Lason, Imperial and Superior. Considering that one of the defenses is that PSC caused an unreasonable delay in processing the letters requested by BAC, the Plaintiff is entitled to these test documents. Defendants shall therefore produce a list of the test files or sample letters they sent to PSC, Lason, Superior, and Imperial during the contract period.

Plaintiff's Disputes 6 and 7

Plaintiff's counsel explained that he seeks the licenses for certain servers to establish the corporate structure and relationship between the HOV entities. However, he agreed that if the Defendants produced other evidence, sought in Dispute 7, he would withdraw the request for the server information.

With respect to Dispute 7, Plaintiff seeks minutes and share certificates for HOV Services, LLC, HOV Services, LTD, BAC, Lason, Inc., and Rustic Canyon, III LLC.[1]

---

[1] At the conference, it was represented that Rustic Canyon was the corporate vehicle HOV used to acquire Lason.

The minutes are potentially relevant to the corporate structure of the HOV entities and the role HOV's acquisition of Lason played in the events at issue. Therefore, I will grant the request with respect to minutes referring to the merger and/or acquisition of Lason by HOV. Plaintiff's counsel agreed that, with this information, he withdraws his request for the server information in Dispute 6.

Plaintiff's Dispute 8

Plaintiff seeks the "integration documents" regarding the choice of printing/mailing vendors in light of the merger of HOV and Lason. These documents may be relevant to the tortious interference claim and the defense that Lason is not a vendor under the contract, but is a sister company to BAC. Thus, Defendants shall produce any documents related to the choice of a printing/mailing vendor during the contract period.

Plaintiff's Dispute 9

Plaintiff seeks to depose J. Reynolds, the CFO of Lason, who became the CFO of HOV. The defense argues that Mr. Reynolds has no relevant testimony to offer. Considering Mr. Reynolds' positions at the relevant times, I will grant the Plaintiff's request for a one-hour telephonic deposition.

Plaintiff's Dispute 11

Since counsel sent the letter of April 29, a new issue has arisen. During the deposition of Vic Negi, defense counsel allegedly instructed the witness not to respond to

a question regarding Vic Negi's understanding of the term "exclusive agent" as used in the contract. During the discovery conference, defense counsel explained that Vic Negi was not involved in the contract at issue. As an alternative to continuing Mr. Negi's deposition, Plaintiff's counsel suggested that the relevant defendants answer a single interrogatory, asking what was the understanding of the term "exclusive agent" in the contract. Defense counsel agreed.

Defendants' Dispute 1 (Interrogatory 3)

Defendants seek a specific list of the steps taken by PSC to set up electronic accounts and services. The Plaintiff has already agreed to the deposition of Michael Hennessey, who Plaintiff's counsel believes is in the best position to respond to this question. In the event Mr. Hennessey's deposition testimony does not provide a response, defense counsel may reassert this objection.

Defendants' Dispute 2 (Interrogatory 15)

Plaintiff agreed to supplement the answer to this interrogatory to identify the first date on which PSC contacted BAC after receiving the last production of documents for processing pursuant to their contract.

Defendants' Dispute 3 (Interrogatory 18)

In response to the request to describe PSC's efforts to mitigate damages, Plaintiff has agreed to provide documents evidencing product volume broken down by month over the contract period.

Defendants' Dispute 4 (Document Request 3)

In response to a document request designed to determine lost profits, Plaintiff agreed to produce monthly profit/loss statements and documents showing cost per unit. Additionally, the Plaintiff shall produce ledger entries showing cost calculations, allowing the Defendant to prepare for Ms. Gunning's deposition. These productions shall cover the contract period unless otherwise agreed.

Defendants' Dispute 5 (Second Document Request 10)

Defendants seek information regarding PSC customer complaints from January 2004 to the present. This information is potentially relevant to Defendants' argument that PSC did not adequately perform under the contract. I will grant the Defendants' request for customer complaints from January 2004 to the end of the contract period, limited to those complaints involving delays in set-up and processing.

Defendants' Dispute 6

Defendants seek to continue the deposition of PSC's CEO Joseph Greco to answer questions about PSC's other lawsuits against its customers, to show a pattern of filing unfounded contract claims. Counsel agreed that defense counsel will provide the relevant complaints to Plaintiff's counsel for Mr. Greco's review. At his deposition, Mr. Greco will answer questions regarding whether he verified the complaint, his understanding of the language in the underlying contracts, and the decision to file suit.

An appropriate Order follows.